NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROSALIO ALEJANDRO GONZALEZ-
SILVA,

Defendant - Appellant.

No. 23-1604

D.C. No.
3:20-mj-20081-BLM-CAB-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Barbara Lynn Major, Magistrate Judge, Presiding

Argued and Submitted November 8, 2024
Pasadena, California

Before: PARKER, HURWITZ, and DESAI, Circuit Judges.**

Rosalio Alejandro Gonzalez-Silva was convicted after a bench trial for

improper attempted illegal entry by an alien into the United States in violation of 8

U.S.C. § 1325(a). On appeal, he claims that the district court improperly admitted

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Barrington D. Parker, United States Circuit Judge for
the Court of Appeals, Second Circuit, sitting by designation.

his non-*Mirandized* statements to a border patrol agent and the contents of his Mexican voter ID card. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      The district court did not err in admitting Gonzalez-Silva's statements because Gonzalez-Silva was not in custody for *Miranda* purposes when the statements were made. This court reviews de novo whether an individual was in *Miranda* custody. *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). The general issue for decision is "whether a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." *United States v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009) (quoting *United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir. 1981)).

But there are situations "in which a person is detained by law enforcement officers, is not free to go, but is not 'in custody' for *Miranda* purposes." *United States v. Cabrera*, 83 F.4th 729, 734 (9th Cir. 2023) (quoting *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001)). If an apprehension is more like a *Terry* stop than a formal arrest, *Miranda* warnings are not required. *Id.* at 734–35. And when a border patrol agent has safety concerns or fears a suspect will attempt to flee, the agent may physically restrain the suspect without transforming a stop into *Miranda* custody. *United States v. Guzman-Padilla*, 573 F.3d 865, 884 (9th Cir. 2009); *United States v. Galindo-Gallegos*, 244 F.3d 728, 730, 732 (9th Cir. 2001).

Here, the circumstances justified the border agent's restraint of Gonzalez-

Silva, and the stop was not transformed into custody. It was dark, the agent was alone, and he reasonably believed that there were seven or eight other individuals traveling with Gonzalez-Silva**.** When the agent first stopped Gonzalez-Silva, he heard brush breaking around him, indicating that others were running through the brush nearby. The agent reasonably feared that he was outnumbered and took extra precautions to ensure his safety, including handcuffing Gonzalez-Silva before questioning him. *See Guzman-Padilla*, 573 F.3d at 884. Thus, Gonzalez-Silva was not in custody, and his non-*Mirandized* statements were properly admitted.

2.    We need not decide whether the district court erred in permitting the agent to testify to the contents of Gonzalez-Silva's voter ID card because any error was harmless. *See United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017) (noting that the standard of review for the admission of evidence under a hearsay exception is abuse of discretion). The border agent testified to Gonzalez-Silva's name and date of birth as listed on the voter ID card. But a second agent testified that Gonzalez-Silva stated his name and date of birth during a *Mirandized* interview at the border patrol station. Because Gonzalez-Silva's statements provide identical information as the voter ID card, any error in admitting them was harmless.

**AFFIRMED.**

23-1604